IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENITA TURNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action N. 2:12-cv-445 |
| KAREN SPALEY and B. SCHIEB, | ) ) ) | Judge Arthur J. Schwab<br>Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) ) ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as both frivolous and for failure to state a claim upon which relief may be granted.

**II. REPORT**

Plaintiff, proceeding *pro se*, filed this action alleging certain improprieties with the processing and payment of her state unemployment compensation benefits. Plaintiff requests that all benefits be released to her dependents and her, and any other relief this Court deems just.

**A. Legal Standards**

The court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'"

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff's claims do not appear to arise from an incarceration,[1] the amendments to the PLRA codified as 28 U.S.C. §1915 apply to non-prisoners who have been granted *in forma pauperis* ("IFP") status. See Powell v. Hoover, 956 F. Supp. 564, 566 (M.D.Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits); Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have the option to proceed *in forma pauperis*), superseded on other grounds by Callahan v. Schenider, 178 F.3d 800 (6th Cir. 1997). Pursuant to 28 U.S.C. §1915(a), Plaintiff is eligible for and has been granted leave to proceed *in forma pauperis*. Thus her allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e).

Pertinent to the case at bar is authority granted to federal courts for the *sua sponte* dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman Hall, C.C.F., 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it lacks an

---

[1] Although Plaintiff does allege that she was arrested and jailed on 2/28/12 after she went to her previous employer, Asbury Heights, and demanded her unemployment compensation benefits, she does not appear to be alleging that her claims arose while incarcerated or as a result of her incarceration. Moreover, Plaintiff's address of record on the docket does not appear to be a penal institution.

arguable basis either in law or fact.") (citing Neitzke, supra). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)[2] if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." Neitzke, 490 U.S. at 328 (footnote omitted).

B.  **Plaintiff's Claim**

In the Complaint, Plaintiff alleges that her former employer, Asbury Heights, has been "stealing UC – Benefits after winning an appeals hearing in front of Referee Robert Simon" on October 27, 2011. Plaintiff alleges that she has been filing her bi-weekly claims and was receiving unemployment compensation ("UC") benefits until January 4, 2012 when Defendant Karen Spaley, Human Resources Director at Asbury Heights, entered a false reverse decision into the computer starting January 6, 2012. Thereafter, Plaintiff alleges that Defendant B.

---

2. In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)).

Schieb, the UC-Rep at 14 N. Linden Street, deactivated Plaintiff's UC card so Plaintiff could no longer receive the UC benefits for which she was eligible. Plaintiff further alleges that when she called Harrisburg to inquire as to why her UC benefits were terminated, she was told different stories by the staff.

Plaintiff has attached to her Complaint the Decision and Order of the Unemployment Compensation Board of Review ("UC Board of Review") dated 1/6/12 (ECF No. 1-8), which shows that on October 27, 2011, the UC Referee reversed the Unemployment Compensation Service Center's denial of benefits and ordered credit and benefits be paid beginning with the waiting week ending 9/3/11. Plaintiff's employer appealed the UC Referee's decision, however, and on 1/6/12, the UC Board of Review reversed the decision of the UC Referee and denied benefits. (ECF No. 1-8 at 3.)

As a consequence of the termination of her UC benefits, Plaintiff contends that she has been unable to pay her bills and on February 28, 2012, she was arrested and put into jail for going to her former employer, Asbury Heights, and demanding her UC benefits. Moreover, because of her arrest, Plaintiff's five children were placed in the custody of Children Protection Services. Finally, Plaintiff alleges that the "fight for her family . . . shows a need for a change, that no matter what nationality no one should be violated."

  **C.**   <u>**Analysis**</u>

"Federal courts are courts of limited jurisdiction." <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. §1331, or civil actions wherein there is diversity of citizenship between parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. §1332. "The burden is on

the plaintiff to establish the existence of federal jurisdiction." McCracken v. ConocoPhillips Co., 335 F.App'x 161, 162-163 (3d Cir. 2009) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).

Plaintiff has failed to identify any federal statute or Constitutional right allegedly violated by Defendants. Even if Plaintiff's Complaint could somehow be construed to raise a claim under the Civil Rights Act, 42 U.S.C. §1983, the Complaint lacks any factual allegations suggesting what constitutional right was allegedly violated or that Defendant Spaley is a state actor. In order to "state claim of liability under §1983 claim, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). Therefore, Plaintiff has failed to establish subject matter jurisdiction based on a federal question under 28 U.S.C. §1331.[3]

In addition, based on the allegations in the Complaint, it appears that diversity of citizenship does not exist, as Plaintiff and Defendants are all residents of Pennsylvania. Therefore, Plaintiff cannot establish subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1332.

Rather, the thrust of Plaintiff's claim is that her unemployment compensation benefits were improperly terminated and she seeks an order from this Court reinstating them. This Court does not have the power to intervene in unemployment compensation proceedings conducted by a state agency. If Plaintiff is dissatisfied with the termination of her unemployment compensation benefits, she must avail herself of the remedies and or appeals available through the appropriate Pennsylvania agencies and/or courts. Indeed, the Decision and Order of the UC Board of

---

[3] Plaintiff's mere reference to "nationality" is not sufficient to plead a plausible claim of discrimination based on national origin or race under 42 U.S.C. §§1981 or 2000e.

Review dated 1/6/12 (ECF No. 1-8 at 4) notifies Plaintiff of her right to appeal that decision to the Commonwealth Court of Pennsylvania or request reconsideration by the Board of Review. Moreover, it appears that Defendants stopped paying Plaintiff's UC benefits based on the UC Board of Review's decision on 1/6/12 denying benefits. Thus, Plaintiff's Complaint lacks any arguable basis in law or fact to suggest a plausible claim arising under either a federal law or the U.S. Constitution and therefore is frivolous. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.[4]

### III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as both frivolous and for failure to state a claim upon which relief may be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

---

[4] Generally, when a complaint is dismissed pursuant to 28 U.S.C. §1915e, the plaintiff should be given leave to amend the complaint with directions as to how to cure the deficiencies, "unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment." Warren v. Bush, Civ. A. No. 2:08-cv-00376, 2008 WL 3876885, at * 1 (D. Nev. Aug. 18, 2008) (citing Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995)). See also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.) Here, it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. Therefore, the Court recommends dismissal with prejudice.

Dated: April 25, 2012                                   BY THE COURT:

                                                        _____
                                                        LISA PUPO LENIHAN
                                                        Chief U.S. Magistrate Judge


cc:     Benita Turner
        *Pro Se* Plaintiff
        3119 Landis Street
        Pittsburgh, PA  15205-1715
        *Via U.S. Mail, Return Receipt Requested*